```
GEOFFREY E. WIGGS (CA SBN 276041)
LAW OFFICES OF GEOFF WIGGS
1900 S. Norfolk St, Suite # 350
San Mateo, Ca 94403
geoff@wiggslaw.com
Telephone: (650) 577-5952
Facsimile: (650) 577-5953
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>    MARIA G MORA,<br><br>                Debtor. | Case No. 24-50059 SLJ 13<br><br>Chapter 13<br><br>**DEBTOR'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE ORDER DISMISSING CHAPTER 13 CASE** |

## STATEMENT OF FACTS

On February 5, 2024, the Court entered an Order for Dismissal for failure to file required documents. Debtor's Counsel avers that, due to a software error, Debtor's Forms 122C-1 and 122C-2 were mistakenly omitted from the filing when the balance of Debtor's Schedules were filed. All other documents were properly submitted.

Debtor seeks an order from the Court vacating the Order of Dismissal due to mistake, inadvertence, and excusable neglect. When Debtor's Counsel generated all other required documents filed on February 1, 2024, Debtor's Counsel believed all requisite documents were being filed. Due to a software error, forms 122C-1 and 122C-2 were inadvertently not submitted. Because of the mistake, Debtor's counsel did not file forms 122C-1 and 122C-2.

- 3 -

ARGUMENT

I. GROUNDS EXIST TO VACATE THE ORDER OF DISMISSAL

An order of dismissal may be altered, amended, or vacated by the court upon timely motion under either Federal Rule of Bankruptcy Procedure 9023 or 9024.

TIMELINESS

Debtor's case was dismissed by an order from the Court on February 5, 2024. Federal Rule of Bankruptcy Procedure 9023, which incorporates Federal Rule of Civil Procedure 59, permits the court to alter or amend a judgment, for proper cause if a motion is filed seeking such relief within ten days of the entry of judgment. Therefore, Debtor's motion to vacate the order is timely filed.

GROUNDS TO VACATE

Federal Rule of Bankruptcy Procedure 9024, incorporating Federal Rule of Civil Procedure 60, permits the court to grant relief from an order based upon grounds including, *inter alia*, mistake, inadvertence, surprise, or excusable neglect.

Debtor filed the instant case on January 19, 2024 as an Emergency Skeleton filing. Docket #1. On January 19, 2024, the Court Ordered the outstanding documents filed by February 2, 2024. Docket # 4.

On February 1, 2024, Debtor's Counsel filed what Counsel believed to comprise all required schedules pursuant to the Court's Order a day early. Docket #10, #11. Unnoticed by Debtor's Counsel, Forms 122C-1 122C-2 were inadvertently omitted from the filing. The documents were properly prepared and ready to be filed, but were omitted from the PDF uploaded to the ECF system.

Due to the missing documents, an Order for Dismissal was entered by the Court for failure to file required documents on February 5, 2024. Docket #17.

Debtor's Forms 122C-1 and 122C-2 are filed concurrently herewith and attached to the instant Motion. Exhibit 1.

The Debtor will suffer extreme hardship and unnecessary expense if the Order dismissing her case is not vacated, in that she will lose the protection of the automatic stay, and her ability to reorganize will be adversely affected.

II.     CONCLUSION

The dismissal of the instant case resulted from mistake and inadvertence on the part of Debtor's Counsel.

Dismissal of Debtor's case could result in substantial hardship to Debtor and prevent Debtor from successfully reorganizing.

Therefore, Debtor respectfully requests that the Court vacate its February 5, 2024 order dismissing her chapter 13 case, reinstating the case as well as the automatic stay as to all creditors.

Respectfully submitted,

Dated: February 6, 2024              **LAW OFFICES OF GEOFF WIGGS**

                                     /s/ GEOFFREY E. WIGGS
                                     GEOFFREY E. WIGGS, Attorney for Debtor